## MUCHMORE *v.* BATES.

Debt on a sealed note for the payment of money. Special plea that the consideration was, that a third person should make the obligor a good title to a tract of land, on or before the day on which the note was payable; and that such third person, having no title, neither did nor could on or before or after the day make the title. *Held*, on general demurrer, that the plea was a good bar to the action.

Where the conveyance is to be executed and the purchase-money paid on the

May Term,
**1823.**

MUCHMORE
v.
BATES.

Friday,
May 9.

same day, they are *concurrent* acts; and no suit lies for the money until the title is made or tendered.

If a debtor, having a good defence against a demand, induce an innocent person to obtain an assignment of it, without disclosing his objection, he forfeits his defence.

APPEAL from the *Union* Circuit Court.

BLACKFORD, J.—Debt by *Bates* against *Muchmore* on a sealed note for 200 dollars. Pleas, 1st, failure of consideration; 2dly, want of consideration. General demurrer to the pleas, and judgment for the plaintiff below. The defendant appeals.

The first plea states, that the note was given to *Bates*, in consideration that one *Leonard* should make the defendant a good title to a certain tract of land, on or before the 15th of *July*, 1822; and avers that *Leonard*, having no title, neither did nor could, on or before that day, or at any time after, make the deed. In this case, the note was payable on the same day on which the deed was to be executed. The acts were to be *concurrent;* and an execution of the title, or at least an offer to execute it, was first necessary, before a suit could be supported for the consideration money. *Jones* v. *Gardner*, 10 Johns. R. 266. The principle is the same, whether the making of the title by *Bates* himself, or by *Leonard*, was the consideration of *Muchmore's* promise to *Bates*. If the person who was to make the title had none to make, there was a failure of consideration (1). The cases in 1 Wash. 296, 389, cited for the appellee, do not apply. They go to show, that the obligor cannot avail himself of any defence he may have had against the obligee; if, without disclosing his objection, he induce an innocent person to purchase his bond (2). If the position assumed in the argument by the appellee be correct—that *Leonard* was the original creditor, and that *Muchmore* fraudulently induced *Bates* to purchase the debt—that matter should have been specially replied. An issue might have been then formed, to which the cases cited would have been applicable. But here the plea, as it stands, is a good bar to the action; and the demurrer admits it to be true. The judgment, therefore, should have been for the defendant.

To the second plea no objection has been made. It is good.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, with directions to permit the plaintiff below to withdraw his demurrer, and reply to the pleas.

(1) Vide *Leonard* v. *Bates*, ante, p. 172, and notes.

(2) Acc. *Luderig* v. *Croll*, 2 Yeates, 464.—*Carnes* v. *Field*, Ibid; 541.